## Elisha A. Clarke's Case.

A justice of the peace has no authority to issue a warrant for the arrest of a witness who failed to attend before him, when duly summoned on behalf of the commonwealth, if the case in which he was to testify has been finally determined and ended ; and such witness will be discharged on a *habeas corpus.*

Shaw, C. J. This is a writ of *habeas corpus,* returned in the first instance before one of the justices of this court, and by him adjourned into this court, to be considered by the full court. It appears by the return that Clarke, the petitioner for the writ of *habeas corpus,* and three others under like circumstances, are held in custody by the respondent, a constable, under a warrant from Lemuel May, Esq., a justice of the peace of this county. By the warrant, it appears that the petitioner was summoned to appear before the magistrate to give testimony upon a complaint pending before him in behalf of the commonwealth against one Augustus Abell, for being a common seller of intoxicating liquors under the statute of 1852. The complaint was returned on the 30th day of August, 1853; and it appears that, on the same day, the said Abell was called to answer to said complaint, and pleaded "not guilty," and, after examination, was acquitted and dis-

charged. On the 5th of September following, the same magis-
trate issued a warrant, or *capias*, reciting the former proceed-
ings, and commanding the officer to arrest said Clarke and
others, and bring them before him to answer for their contempt
in not appearing conformably to said summons; and after
hearing and considering their reasons and excuses, he ordered
the petitioner to pay a fine of ten dollars and costs, from which
sentence he claimed an appeal, which was refused. Upon the
refusal of said Clarke to pay the fine and costs, a warrant was
issued by the magistrate authorizing the officer to commit said
Clarke to the common jail in Taunton, there to be held till he
should pay the fine and costs, or be discharged in due course
of law. It was under this warrant that the petitioner was
taken into custody by Larned Kent, the respondent, and held
until the service of this writ of *habeas corpus*.

Various grounds have been taken by the petitioner for his
discharge from this imprisonment, which have been brought
before the court and argued by counsel.

It is of importance to understand what are the proper sub-
jects of inquiry on the return of a *habeas corpus*. In general,
it is not to inquire into the merits of a judgment under which
a party is committed; otherwise this very summary proceed-
ing, regarded as so important to the security of personal lib-
erty, would come to be regarded as a mere general appeal or
writ of error, in all cases of conviction, followed by sentence
of imprisonment. But on the return of the writ, we must ex-
amine and see, first, whether the court or magistrate commit-
ting had jurisdiction of the person and subject matter; and,
secondly, whether it appears, upon the face of the proceed-
ings, that the act was done in the exercise of that jurisdiction.

We have not thought it necessary to examine all the causes
relied on in argument, nor do we express any opinion on
them. One has more particularly attracted our attention.
It appears by the case that the proceeding for contempt was
not commenced whilst the complaint was pending, in which
these persons were summoned to appear as witnesses, nor
until a final judgment had been given in that case, and the
justice's court terminated without adjournment. But this

proceeding for contempt was commenced a week after, by the voluntary act of the magistrate in issuing a warrant of arrest, without any complaint, requiring the officer to bring these persons before him, to answer for the alleged contempt. Was this within his jurisdiction?

The power is given to justices of the peace to compel witnesses to attend and testify, by *St.* 1838, *c.* 42, and they are to have the same power given to courts of record by Rev. Sts. *c.* 94, §§ 5, 6. By these provisions, we find that a failure to attend as a witness in any court of record, when duly summoned, shall be considered a contempt of the court, and may be punished by a fine not exceeding twenty dollars. And, by section 6, the court may, in such case, issue a warrant to bring such witness before them, to answer for the contempt, and also to testify as a witness in the cause in which he was summoned. Hence we see that this power to punish for a contempt is not an original proceeding, as in the ordinary case of punishing offences; if it were, it must be founded on some complaint on oath, otherwise it would be in violation of the constitution of the commonwealth. But it is derivative, and incidental to another, and presupposes a proceeding pending, in which testimony is required.

Further; we are to look at the purposes of this power, to facilitate judicial proceedings. These purposes are obviously two: 1. To procure the actual personal attendance of the recusant witness, and thus secure his testimony in the cause; 2. To punish him for a neglect and violation of an important social duty. The first of these purposes would wholly fail if the process is not commenced until the suit in which he was summoned is at an end.

But the court are of opinion that the power to punish for contempt, in not appearing when summoned as a witness, is equally incidental and dependent on the pending of a cause. It must therefore be exercised, or some steps towards its exercise commenced, either before the case in which he was summoned is finished, or, at least, before the court in which it is pending is finished and ended, without an adjournment. We are not prepared to say that a justice of the peace may not

adjourn a cause, or all causes pending before him, to a day fixed, and thus continue it till the business is ended, with the like effect as if finished on the first day. But nothing appearing to show such adjournment, we suppose the magistrate's court terminated with a final judgment in the case before him. One objection to considering it as an original proceeding has already been alluded to: it would be the commencement of a criminal prosecution without complaint on oath. Another is, that if this could be done a week after the cause was at an end and the court closed, it might be a year, or any length of time, so long as the magistrate continues in office. We think that punishment for contempt, in not obeying a summons as a witness, is essentially a step, an incidental proceeding, in another cause; and in so delicate a matter as punishment for contempt, by summary process, without complaint on oath, perhaps without other evidence than the personal knowledge of the judge or magistrate, and without trial by jury, the power is not to be extended by construction beyond the plain intent and spirit of the statute.

We are therefore of opinion, that the proceeding for a contempt in the present case, at the time and under the circumstances stated, was not within the jurisdiction of the magistrate, and the order for the imprisonment of the petitioner was not legal and valid, and that he must be discharged from custody. *Petitioner discharged.*

*C. B. Farnsworth*, for the petitioner.

*C. I. Reed*, for the respondent.